## HUGH WILSON et al. v. STATE.

No. A-8073.   Sept. 25, 1931.
(3 Pac. [2d] 455.)

Wilkinson & Hudson, for plaintiffs in error.

The Attorney General, for the State.

CHAPPELL, J. Plaintiffs in error, hereinafter called defendants, were informed against in the county court of Pittsburg county in an information charging, in the first count, possession of a still, in the second count, possession of intoxicating liquor, and, in the third count, with setting up a distillery in the state of Oklahoma for the purpose of manufacturing whisky, and were by a jury found guilty on the first count and their punishment fixed by the jury at a fine of $50 and imprisonment in the county jail for 30 days. They were found guilty upon the second count and their punishment fixed by the jury at a fine of $50 and imprisonment in the county jail for 30 days, and were found not guilty by the jury upon the third count.

No demurrer was filed to this information and no question raised upon the verdicts.

It appears from the record that in a raid made upon certain premises a still was found in the possession of Eastman Amos, Alex Beck, John Burris, and Monroe Francis; that these parties were charged with the possession of a still, entered their pleas of guilty, paid their fines, and served the time adjudged against them in the county jail; that thereafter the county attorney filed an information against the defendants in the case at bar, charging them with the ownership and possession of this still. The only evidence tending to connect the defendants with the commission of the offense was given by

Eastman Amos, an accomplice, who testified that the defendants were the owners of the still and that he was merely working by the day for them. The only other evidence offered by the state was that the defendants were in McAlester in attendance on the court and conversing with the defendants Eastman Amos, Alex Beck, John Burris, and Monroe Francis, just prior to their plea of guilty of possession of a still.

Section 2701, C. O. S. 1921, prohibits the conviction of a defendant upon the testimony of an accomplice, unless he is corroborated by other evidence that tends to connect the defendant with the commission of the offense.

For the reasons stated, the cause is reversed.

DAVENPORT, P. J., and EDWARDS, J., concur.